UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| A. B. COKER, INC., ET AL. | CIVIL ACTION NO. 05-1372 |
| versus | JUDGE HICKS |
| CHARLES C. FOTI, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This matter is before the Court on Defendant Charles C. Foti, Jr.'s motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) [Doc. No. 13]. The Magistrate Judge issued a Report and Recommendation which recommends that the motion be granted. [Doc. No. 43]. Plaintiffs timely filed an objection to that recommendation. [Doc. Nos. 44 & 45]. For the reasons which follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

The plaintiffs are involved in the manufacture, distribution, sale or smoking of cigarettes. They allege that they have been harmed by the effects of a Master Settlement Agreement ("MSA") that was reached in 1998 between the four major tobacco manufacturers and the attorney generals of 46 states, including Louisiana. The instant suit against the attorney general of Louisiana seeks (1) a declaration that the MSA and related Louisiana legislation are unconstitutional and (2) an injunction against their enforcement.[1]

---

[1] A more detailed discussion of the factual background and the plaintiffs' allegations is contained in the Report and Recommendation. [See Doc. No. 43].

## II. LAW AND ANALYSIS

Dismissal of an action under Rule 12(b)(6) is a "disfavored means of disposing of a case." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000). The Court should only grant such a motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 365 (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. Id. Therefore, this Court must examine the applicable law and determine whether or not the plaintiff's claims are pled sufficiently in order to survive the Rule 12(b)(6) motion.

### A. Claims Pursuant to the Tenth Amendment Claims.

It is undisputed that the federal government had no involvement with the MSA. Accordingly, Judge Hornsby found "no basis to conclude that the MSA runs afoul of the federalism principles represented by the Tenth Amendment." [Doc. No. 43, p. 7]. The Court agrees. While not constrained by the lack of precedent, the Court finds that absent federal action, the Tenth Amendment does not apply. The motion to dismiss the plaintiffs' Tenth Amendment claims is granted.

### B. Claims Pursuant to the Federal Cigarette Labeling and Advertising Act, Commerce Clause, Due Process Clause, and First Amendment.

While the Court is inclined to agree with the reasoning of Magistrate Hornsby's Report and Recommendation, it is constrained by the Fifth Circuit's decision in Xcaliber International Ltd., LLC v. Foti, 442 F.3d 233 (5th Cir. 2006). In Xcaliber, plaintiff argued that state legislation was financially coercing it into signing the speech-restrictive MSA. While the district court granted defendant's motion to dismiss plaintiff's First Amendment,

Fourteenth Amendment and Commerce Clause claims, the Fifth Circuit reversed and remanded the case for further proceedings.  Although this Court is without the benefit of the Fifth Circuit's rationale for finding that the Xcaliber plaintiff had stated claims for relief, that decision, coupled with the high standard required for a  Fed. R. Civ. P. Rule 12(b)(6) dismissal, compel this Court to deny the motion to dismiss plaintiffs' claims pursuant to the Federal Cigarette Labeling and Advertising Act,  Commerce Clause, Due Process Clause, and First Amendment.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss [Doc. No. 13] is **GRANTED** as to plaintiffs' claims pursuant to the Tenth Amendment, which are hereby dismissed with prejudice.  The motion is **DENIED** in all other respects.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 9th day of November, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE